PILGRIM CO., A CORPORATION, PLAINTIFF-RESPONDENT, v. SAM ROSENBLUM, DEFENDANT, AND PRENTISS M. BROWN, ADMINISTRATOR OF THE OFFICE OF PRICE ADMINISTRATION, INTERVENING DEFENDANT AND APPELLANT.

Argued May 4, 1943—Decided June 7, 1943.

Before Justices CASE, DONGES and PORTER.

For the plaintiff-respondent, *Bernard Mindes.*

For the defendant-appellant, *William E. Sandmeyer; Fleming James, Jr., David London* and *Morton Abrahams.*

The opinion of the court was delivered by

CASE, J. The Administrator of the Office of Price Administration appeals from a judgment for rent entered in the First District Court of the City of Newark against a tenant in an action wherein the Administrator had been permitted to intervene. The judgment was for the sum of $40, rent for the month of December, 1942. The contention of the appellant is that the amount of $40 was an increase of $5 beyond the maximum permitted by the "freezing" regulation effective July 1st, 1942, establishing the maximum rent for housing accommodations in the affected area at the rentals existing on March 1st, 1942, and consequently that the sum of $35, which was tendered in payment, is all that can be demanded from the tenant for one month's rent.

The trial judge, sitting without a jury, found as a fact that in the summer of 1941 the owner of the premises fixed the rental for the then tenant at $40 per month if the owner undertook to redecorate and $35 if he did not; that the tenant elected to accept the latter condition and paid the rent accordingly; that later that tenant vacated and the present defendant, Rosenblum, prior to August 1st, 1942, contracted for the tenancy; that Rosenblum was offered the same rental schedule, namely, $40 if the apartment was to be decorated by the owner and $35 if it was not, and elected the former condition. The premises were substantially redecorated. Upon those findings of fact the court gave judgment for the landlord. In addition, it may be noted that the registration sheet filed by the owner under the direction of the Office of Price Administration, and placed in evidence by the Administrator, stated that the rental being paid March 1st, 1942, was $35 per month, that the maximum legal rental was $40 and gave this explanation: "This apartment was $35 per month provided tenant paid for decorating and $40 if company paid for decorating." It appears further that Rosenblum became the tenant as of August 1st, 1942, and actually paid the rental at $40 for the months of August, September, October and November, 1942. The findings of fact made by the District Court Judge had ample support in the proofs within which are to be included a resume, read into the record by

the trial judge, without objection, respecting certain testimony taken before the Administrator intervened and when no court stenographer was present. The Supreme Court will not review the findings of the District Court upon questions of fact beyond inquiring whether there was any legal evidence upon which the findings may be based. *Williams v. Connolly Contracting Co., 74 N. J. L.* 105; *Suburban Home Co. v. Matulewich, 12 N. J. Mis. R.* 208; *affirmed, 113 N. J. L.* 403; *Rudensey v. Hoffman, 13 N. J. Mis. R.* 259; *Glickfeld v. Venokur, 15 Id.* 522; *affirmed, 119 N. J. L.* 431. Moreover, the brief filed on behalf of the Administrator on respondent's motion to dismiss the appeal states: "This court is not requested to review any question of fact determined by the trial judge."

The question on the appeal, therefore, is whether, on the facts found by the trial judge, the rental agreement transgressed any statute or any lawful administration regulation based thereon.

The general authorizing statute with respect to limitations upon rents and other prices is stated to be the "Emergency Price Control Act of 1942," approved January 30th, 1942 (Public Law 421—77th Congress; Chapter 26—2d Session), from section 1(a) of which we quote the following words illustrative of the objective of the statute; "* * * the purposes of this Act are, to stabilize prices and to prevent speculative, unwarranted and abnormal increases in prices and rents * * *." Appraising the facts of the case in the terms of the statute, there was no increase in rent, either normal or abnormal. Before the issuing or the effective date of the office regulation, before the "freezing" date of March 1st, 1942, even before the passage of the statute which authorized the fixing of a limitation, the rental schedule presented to the present tenant was in effect: if decorated by the owner, $40; if not, $35. We think that this does not properly come within section 5 (a) of the regulations which provides that an increased rental because of servicing by the owner may be charged only upon petition to, and order by, the office. If the earlier rental schedule had been $35 per month, with nothing more, and, after the effective date of the

regulations a new arrangement had been proposed and accepted whereby servicing was to be done in consideration of an added rent charge, it is conceivable that the matter would have come within the purview of the regulations; and thereupon questions would have arisen which need not now be considered. But the $40 charge was not a new rent scale and may not, under the circumstances, fairly be called an increase within the meaning of the statute; it was according to a schedule already in force. There is nothing suggestive of speculation, profiteering, manipulation or taking advantage of the house shortage or other emergency.

All questions of constitutionality are reserved.

The judgment against the tenant will be affirmed. Judgment will go also against the Administrator; but because of the scanty District Court pleadings we are unable to say that the judgment of nonsuit rendered in the court below against the intervenor was precisely the correct form. If necessary, counsel may move to settle the terms of the *remittitur*.